**Roslyn PORTER, On behalf of herself and all others similarly situated Plaintiffs,**

v.

**NATIONSCREDIT CONSUMER DISCOUNT COMPANY, Bank of America, N.A., Nationscredit Consumer Corporation, Nationscredit Financial Services Corporation, Fairbanks Capital Insurance Company, and other Defendants who are yet unknown to the Plaintiff class Defendants.**

No. Civ.A.03–03768.

United States District Court, E.D. Pennsylvania.

July 27, 2005.

**498**

Mary Jeffery, Peter E. Meltzer, Law Offices of Peter E. Meltzer & Associates, P.C., Philadelphia, PA, for Plaintiffs.

Andrew Markowitz, Lahaska, PA, Anthony Rollo, Stephen W. Rider, McGlinchey & Stafford, PLLC, New Orleans, LA, Paul J. Giordano, Brett L. Messinger, Duane Morris LLP, Philadelphia, PA, for Defendants.

## *MEMORANDUM AND ORDER*

NEWCOMER, District Judge.

Presently before the Court is Plaintiffs' Motion for Class Certification. For the reasons set forth below, said Motion is denied. An appropriate Order follows.

## I. BACKGROUND

Because the Court writes only for the Parties, it will dispense with a recitation of the operative facts. Plaintiff comes before the Court seeking certification of her proposed class of nationwide borrowers, and proposed subclass of Pennsylvania borrowers. Because individual factual issues, and issues involving reliance and damages, completely permeate both of Plaintiff's proposed classes, the Court denies her Motion.

## II. LEGAL STANDARD

To prevail on the instant Motion, Plaintiff must establish that all four prerequisites of FED R. CIV. P. 23(a) are present and show that either the predominance or superiority requirements of Rule 23(b)(3) are found, in addition to other factors not relevant at this time. *See Chiang v. Veneman,* 385 F.3d 256, 264 (3d Cir.2004) (discussing standard for certification of class actions).

Under FED. R. CIV. P. 23(a), Plaintiff must prove (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. *Id.* at 265. Numerosity is met when a proposed class is so large "that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). The commonality standard merely requires a common question of law or fact among class members. *Chiang,* 385 F.3d at 265. To find typicality, the Court asks whether the legal theory or defenses controlling class members' claims are consistent class-wide. *See Newton v. Merrill Lynch,* 259 F.3d 154, 184 (3d Cir.2001) (noting typicality may exist even where fact patterns vary). Finally, the adequacy standard set forth by FED. R. CIV. P. 23(a)(4) requires the Court to determine (1) whether a conflict exists between the representative and the class and (2) whether counsel is capable of representing said class. *See Newton,* 259 F.3d at 185. In addition to the Rule 23(a) requirements discussed above, Plaintiff's proposed classes must satisfy either the predominance or superiority standard under FED. R. CIV. P. 23(b). Predominance, although far more demanding than superiority, "incorporates the Rule 23(a) commonality requirement." *In Re Warfarin Sodium Antitrust Litigation,* 391 F.3d 516, 528 (3d Cir.2004). Predominance will not be met where class members' claims "would 'lead to disparate applications of legal rules, including matters of causation, comparative fault, and the types of damages available to each plaintiff.'" *Newton,* 259 F.3d at 189 (quoting *Georgine v. Amchem Prods., Inc.,* 83 F.3d 610, 627 (3d Cir.1996)). To establish superiority, this Court must find class action to be the best method of ensuring a "fair and efficient adjudication of the controversy." FED. CIV. P. 23(b)(3). In close cases there is a strong presumption in favor of courts granting class certification; however, the legal analysis set forth below establishes that Plaintiffs in this case clearly fail to meet the requirements set forth by Rule 23. *See Ei-*

*senberg v. Gagnon,* 766 F.2d 770, 785 (3d Cir.1985).

## III. LEGAL ANALYSIS

The class represented by Roslyn Porter asserts claims against Defendants under the Truth–in–Lending Act (TILA), 15 U.S.C. § 1601, and the Pennsylvania Unfair Trade Practices and the Consumer Protection Law (the UTPCPL), 75 P.S. § 201–1. While the proposed class may meet some elements of Rule 23(a), class certification may only be granted where all requirements are met concurrently. In the present case, the class cannot satisfy the requirements of typicality or adequacy. Moreover, the class does not comply with either of the predominance or superiority standards set forth in Rule 23(b).

### A. *Numerosity and Commonality*

Assuming *arguendo* that the proposed class meets the required numerosity and commonality standards, it still cannot satisfy FED. R. CIV. P. 23(a) without concurrently proving typicality and adequacy as discussed below.

### B. *Typicality*

The Plaintiff class and subclass fail to meet the typicality standard because the legal theories and defenses controlling the potential class members' claims are not consistent class-wide. Although varying factual circumstances among class members will not always preclude the finding of typicality, typicality will be defeated where "a class representative is subject to unique defenses which threaten to become the focus of litigation." *In re Safeguard Scientifics,* 216 F.R.D. 577, 581 (E.D.Pa.2003).

■ Ms. Porter was referred to NationsCredit Consumer Discount Company (NCCDC) to obtain a loan to pay for home improvements. (Pl.'s Mot. for Class Certification at 1). During a telephone conversation to determine the scope of her loan, Ms. Porter allegedly declined NCCDC's offer to provide her with credit life insurance. (Pl.'s Mot. for Class Certification at 1–2). When Ms. Porter later visited NCCDC's Bensalem office to sign her loan documents, she was allegedly assured that the documents reflected the agreement that was reached during her telephone conversation with respect to credit life insurance. (Pl.'s Mot. for Class Certification at 1–2). Because the disputed documents signed by Ms. Porter expressly disclosed the voluntary nature of credit life insurance, Defendants may have unique defenses against Ms. Porter, which do not apply to other class members who obtained credit life insurance under different circumstances. For example, not all potential class members will have had arguably misleading conversations with Defendants prior to closing. In fact, some potential members may have desired credit life insurance. Regardless, the problems with the class do not end with typicality.

### C. *Adequacy*

The Plaintiff class and subclass fail to meet the adequacy standard because neither the representative nor counsel is capable of representing the interests of the class. Adequacy of representation requires the determination of both: (1) whether Ms. Jeffery, lead counsel, is qualified to represent the class; and (2) whether Ms. Porter, named representative, may adequately represent the interests of the class. *See Georgine,* 83 F.3d at 630. As to Ms. Porter's ability to adequately represent the interests of the class, Ms. Porter admitted at her deposition that she was unaware that she was the named representative in this class action. (Porter Dep., Ex. E at 232–33). She also has unique factual circumstances that may cause her interests to diverge from those of the class. Specifically, she claims not to have read the forms presented to her at closing. But even assuming that Ms. Porter is an adequate class representative, it has become quite clear that her counsel is not.

■ Counsel's apparent failure to properly inform Ms. Porter of her presumable role and responsibilities as lead Plaintiff is just one of the many reasons that the Court harbors a concern over Plaintiff's Counsel's ability to adequately represent any class. Plaintiff's Counsel has submitted at least one brief to this Court that entirely lacked pagination. This absence of pagination would

not be of tremendous concern to the Court had all of Plaintiff's Counsel's filings contained all of their pages. But this has not been the case. At least twice over the course of this litigation, Plaintiff's Counsel has filed briefs and motions that are either missing pages, or that contain extra pages. In past filings she has not tabbed her voluminous exhibits, and the vast majority of her citations are often in an incorrect format, lacking either (or both) the year and, importantly, the issuing court—that is, when a citation is included at all. The prospect of Plaintiff's Counsel representing a potentially enormous class in a legally complex case is belied by the disorganization of her filings. It is quite clear that counsel who cannot even submit a properly paginated document to the Court is incapable of administering and litigating a complex class action.

### D. *Predominance*

■ The Plaintiff class and subclass fail to meet the predominance standard because the potential class members' claims could lead to disparate applications of legal rules with respect to individual issues of actual damages. Individual issues of actual damages preclude the predominance standard from being met due to factual disparities in personal reasons for seeking loans and monetary amounts borrowed by each of the thousands of class members. *See Newton*, 259 F.3d at 189. Because of these inherent differences among class members, the proposed class cannot adhere to the FED. R. CIV. P. 23(b)(3) requirement that questions of law or fact common to "the class predominate over any questions affecting only individual members."

### E. *Superiority*

The Plaintiff class and subclass fail to meet the superiority standard because a class action is not the best method for ensuring a fair and efficient adjudication of this particular controversy under FED. R. CIV. P. 23(b)(3) due to the numerous individual issues of fact mentioned above.

Additionally, it is now clear that Pennsylvania law requires a demonstration of reliance to support a cause of action under the UTPCL. *See Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 854 A.2d 425, 438 (2004) ("to bring a private cause of action under the UTPCL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance"); *Caciolo v. Masco Contractor Servs. East, Inc.*, No. 04–962, 2004 WL 2677170, at *4–5, 2004 U.S. Dist. LEXIS 23705, at *13–14 (E.D.Pa. Nov. 22, 2004). It is clear that each member of the proposed class will have to show unique circumstances demonstrating reliance. Ms. Porter, for example, seems to argue that she relied exclusively on the absence of her signature on the credit life insurance agreement when she failed to exercise her statutory right to cancel her loan. Other class members may be in different situations—they may, for example, have simply called their loan officers to confirm or deny that they had purchased credit life insurance. Likewise, under Plaintiff's theory of the case, each proposed class member will need to demonstrate that they had conversations or contact with Defendants that lead them to believe they were not purchasing credit life insurance. These individual issues of fact would not be well litigated in a class format.

Finally, under TILA, civil penalties in a class action are limited to "the lesser of $500,000 or 1 per centum of the net worth of the creditor." 15 U.S.C. § 1640(a)(2)(B).[1] Conversely, an individual plaintiff may recover up to $2,000 in a non-class-action lawsuit. *See* 15 U.S.C. § 1640(a)(2)(A)(iii). Simple arithmetic compels the conclusion that the proposed class members would be substantially better off litigating their actions individually. Accordingly, these findings, in addition to Plaintiffs' failure to meet the requirements of Rule 23(a), preclude this Court from granting Plaintiffs' Motion for Class Certification.

---

1. In this case, the recovery for each member of the 62,000 person class would be $8.06, assuming all class members participated.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Class Certification is denied. An appropriate order follows.

### ORDER

AND NOW, this 27th day of July, 2005, upon consideration of Plaintiffs' Motion for Class Certification (Doc. 22), Defendants' Responses, and the Parties Replies and Sur–Replies, it is hereby ORDERED that said Motion is DENIED. It is further ORDERED that all Motions to File Reply briefs and to Exceed Page Limits are GRANTED.

AND IT IS SO ORDERED.